UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>     v.                                               )<br>DANIEL SCOTT,                              )<br>)<br>     Defendant.                               )<br>                                                    ) | No.   21-mj-00411 |

**JOINT MOTION TO CONTINUE STATUS CONFERENCE**

The United States of America, through the U.S. Attorney for the District of Columbia, and joined by defendant Daniel Scott, through undersigned counsel, request that the status conference currently scheduled for July 27, 2021 at 1:00 p.m. be continued for 60 days, and that the Court exclude the time until that next status conference date from the time within which the indictment must be returned and the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  In support, the parties submit as follows:

1. On April 29, 2021, Mr. Scott was charged via criminal complaint with one count of Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority in violation of 18 U.S.C. § 1752(a)(1); one count of Knowingly Engaging in Disorderly or Disruptive Conduct in any Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); one count of Knowingly Engaging in Act of Physical Violence in any Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); two counts of Violent Entry and Disorderly Conduct on Capitol Grounds in violation of 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(F); one count of Obstruction of Law Enforcement

1

   During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); one count of Obstruction of Justice/Congress, in violation of 18 U.S.C. § 1512(c)(2); and one count of Assault on a Federal Officer with Physical Contact and Intent to Commit Another Felony, in violation of 18 U.S.C. § 111(a)(1).  *See* Dkt. 1.

2. On May 20, 2021, Mr. Scott was arrested in Englewood, Florida.  *See* ECF No. 5.

3. On May 28, 2021, Mr. Scott had his Initial Appearance in U.S. District Court for the District of Columbia where he was released on his personal recognizance subject to conditions.  *See* ECF No. 12.  The Court set a status hearing for July 27, 2021, at 1:00 p.m. and excluded the time until that date from calculation under the Speedy Trial Act.

4. On June 3, 2021, the parties agreed to and the Court entered a protective order governing the dissemination of discovery and disclosure of sealed material.  *See* ECF No. 10.

5. The government anticipates producing preliminary discovery in this case in the next two weeks.  But that will be only a portion of the potentially relevant discovery in this case, which will be voluminous.  Because the charged criminal acts took place at the same general time and location as many other charged crimes, the government's investigation into the breach of the United States Capitol on January 6, 2021 has resulted in the accumulation and creation of a massive volume of data that may be relevant to many defendants.  Indeed, the investigation and prosecution of the events of January 6, 2021 will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence.  Documents and evidence accumulated in the investigation thus far include: (a) more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) approximately 2,000 electronic devices; (c) the results of hundreds of searches of

electronic communication providers; (d) over 237,000 tips, of which a substantial portion include video, photo and social media; and (e) over 75,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps. The government is working to meet its unprecedented overlapping and interlocking discovery obligations by providing voluminous electronic information in the most comprehensive and useable format. However, that process is anticipated to extend well beyond the next status conference date of July 27, 2021. Additionally, even after defense counsel reviews the preliminary discovery, arrangements will need to be made to allow Mr. Scott to view it, pursuant to the protective order.

6. Accordingly, the parties now jointly move this Court to continue the status conference, currently scheduled for July 27, 2021, for a period of 60 days. Such a continuance will allow for the continued provision and review of discovery in this unusual and complex case, and will grant counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Proceeding to trial without such a continuance would be likely to result in a miscarriage of justice, would make it unreasonable to expect adequate preparation for pretrial proceedings and trial itself due to the unusual and complex nature of the prosecution, and would deny counsel for both parties the time necessary for effective preparation.

7. The parties also request that the time until the date of the continued status conference in this matter be excluded from calculation of the time necessary to return an indictment or commence a trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. The parties submit that a continuance of approximately 60 days is warranted and that an order

excluding time would best serve the interests and ends of justice and outweigh the interests of the public and defendant in a speedy trial.

WHEREFORE, the United States and Mr. Scott request that this Court continue the status conference currently scheduled for July 27, 2021 at 1:00 p.m. for a period of 60 days, and that the Court exclude the time until that next status conference date from the time within which the indictment must be returned and the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Date: July 23, 2021

            Respectfully submitted,

            CHANNING D. PHILLIPS,
            ACTING UNITED STATES ATTORNEY

            */s/ William Dreher*_____
            WILLIAM DREHER
            Assistant U.S. Attorney
            U.S. Attorney's Office
            Western District of Washington
            700 Stewart Street, Suite 5220
            Seattle, WA 98101-1271
            (206) 553-4579

            */s/ Nathan Silver*_____
            NATHAN SILVER
            Counsel for Daniel Scott
            Law Offices of Nathan I. Silver
            6300 Orchid Drive
            Bethesda, MD 20817
            (301) 229-0189